BERANEK, Judge.
The plaintiff appeals in an action to foreclose a mechanic’s lien. We affirm.
This case commenced when Associated Distributors (Associated) sued Mary Mix (Mix), Kahle-McCleese, Inc., Lance Kahle, and Lloyd McCleese to foreclose a mechanic’s lien on the Mix property. Kahle-McCleese had built a home for Mix using materials allegedly furnished by Associated. When Associated failed to receive payments due from Kahle-McCleese pursuant to a credit agreement, it filed a mechanic’s lien on the Mix property. The lien was in the amount of $9,337.66.
After a bench trial, it was determined that the amount due Associated was $5,310.00 and that it was owed by Kahle-McCleese. The court further found that the plaintiff was not entitled to any lien on the Mix property, that the lien actually filed was a “fraudulent” lien and that Mix was entitled to damages from Associated in the following amounts: compensatory damages in the amount of $1.00, punitive damages in the amount of $9,337.66, attorneys’ fees in the amount of $6,000.00, and costs.
On appeal, Associated alleges that the court erred in ruling it was not a material-man and thus not entitled to the protections of the Mechanic’s Lien Law. Section 713.-01(11), Florida Statutes (1981), defines a materialman:
(11) “Materialman” means any person who furnishes materials under contract to the owner, contractor, subcontractor, or sub-subcontractor on the site of the improvement or for direct delivery to the site of the improvement or for specially fabricated materials off the site of the improvement for the particular improvement, and who performs no labor in the installation thereof.
There was conflicting evidence presented at trial as to the nature of the activities of Associated. Competent evidence supported the view that Associated merely supplied the contractor with bulk order materials such as appliances which were in turn used by the contractor at its discretion in various different construction projects. The trial court’s conclusion, based on conflicting evidence, must be accepted by this court. Thus, the trial court did not err in finding that plaintiff was not a materialman as prescribed by statute.
We have reviewed the other issues raised on appeal and find no reversible error.
AFFIRMED.
DOWNEY and HERSEY, JJ., concur.